[No. 6957. Decided November 5, 1907.]

THE STATE OF WASHINGTON, *on the Relation of William Robert Newman, Respondent*, v. J. F. LIBBY, *Appellant*.[1]

ALIENS—NATURALIZATION—FEES. As the Federal constitution gives Congress power to establish a uniform rule of naturalization, the act of June 29, 1906, fixing the fees to be charged by all clerks of courts exercising jurisdiction in naturalization cases, applies to state courts where the state constitution confers such jurisdiction; and the fee authorized by a state statute cannot be collected.

Appeal from an order of the superior court for Pierce county, Reid, J., entered August 26, 1907, granting a writ of mandate to compel a county clerk to issue a certificate of naturalization, upon tender of the fee provided therefor by an act of Congress. Affirmed.

*H. G. Rowland*, for appellant.

*Lorenzo Dow* and *H. R. Lea*, for respondent.

MOUNT, J.—The superior court of Pierce county, on August 26, 1907, made an order, upon proper proof, admitting the respondent to citizenship. Respondent thereupon tendered to the clerk of said court $2, and demanded a certificate of naturalization. The clerk refused this demand, upon the

[1]Reported in 92 Pac. 350.

ground that the fee therefor, as provided by the statute of this state, is $3. Respondent thereupon brought an action in mandamus to require the clerk to issue the certificate as demanded. The clerk demurred to the petition, upon the ground that it did not state facts sufficient. This demurrer was denied and, the clerk electing to stand upon the demurrer, a peremptory order was issued, from which this appeal is prosecuted.

The only question in the case is whether clerks of the superior courts of this state must enter a final admission of aliens to the rights of citizenship and give a certified copy thereof upon payment of a fee of $2, as fixed by the act of Congress of June 29, 1906, chapter 3592 of the Federal Statutes; or may they demand $3 as specified by the law of this state. The statutes of this state provide for a fee of $3 "for entering the final admission of an alien to citizenship, and for a certified copy thereof under seal." Laws of 1907, page 90. The laws of the United States provide:

"That the clerk of each and every court exercising jurisdiction in naturalization cases shall charge, collect, and account for the following fees in each proceeding: . . . for entering the final order and the issuance of the certificate of citizenship thereunder, if granted, $2. The clerk of any court collecting such fees is hereby authorized to retain one-half of the fees collected by him in such naturalization proceeding; the remaining one-half of the naturalization fees in each case collected by such clerks, respectively, shall be accounted for in their quarterly accounts, which they are hereby required to render the Bureau of Immigration and Naturalization" . . . Act of June 29, 1906, establishing a Bureau of Immigration and Naturalization, Fed. Stats., chap. 3592, § 13.

Section 21 of the same act provides:

"That it shall be unlawful for any clerk of any court or his authorized deputy or assistant exercising jurisdiction in naturalization proceedings, to demand, charge, collect or receive any other or additional fees or moneys in naturalization proceedings, save the fees and moneys herein specified; and a

violation of any of the provisions of this section or any part thereof is hereby declared to be a misdemeanor,"

punishable by fine or imprisonment or both. Congress has power under the constitution of the United States to establish a uniform rule of naturalization throughout the United States. Fed. Stats., Art. 1, § 8.

Judge Story, in his Commentaries on the Constitution, Vol. 2, §1104, says:

"It follows, from the very nature of the power, that, to be useful, it must be exclusive; for a concurrent power in the states would bring back all the evils and embarrassments which the uniform rule of the constitution was designed to remedy. And, accordingly, though there was a momentary hesitation, when the constitution first went into operation, whether the power might not still be exercised by the states, subject only to the control of Congress, so far as the legislation of the latter extended, as the supreme law, yet the power is now firmly established to be exclusive. The Federalist, indeed, introduced this very case, as entirely clear, to illustrate the doctrine of exclusive power by implication, arising from the repugnancy of a similar power in the states. 'This power must necessarily be exclusive,' says the authors, 'because, if each state had power to prescribe a distinct rule, there could be no uniform rule.' "

See, also, 1 Kent's Commentaries, page 424, to the same effect.

It follows that Congress acted within its power when it passed the act of 1906, which provides for a uniform rule for the naturalization of aliens throughout the United States. The provisions respecting fees are as much a part of the uniform rules as other provisions of the act. The question whether Congress may require state courts to exercise Federal jurisdiction may be a debatable question, and it may be settled that the Federal government cannot impose burdens upon procedure generally. But these questions are not before us in this case, because when it is determined or conceded that Congress has exclusive authority to establish uniform rules of naturalization throughout the United States and has exer-

cised that power, such rules are binding upon the state and state courts. To hold otherwise is to deny Congress a power expressly given by the Federal constitution.

The constitution of this state, at § 6, art. 4, expressly confers the power of naturalization upon superior courts. This provision was placed in our constitution in harmony with the United States Statutes then in force, authorizing state courts to naturalize aliens, and in effect expressed the consent of the state to exercise that duty in conformity with Federal law. It was not intended, and has never been supposed, to be in conflict with the Federal constitution, or to reserve to the state a power which was already vested in the United States.

We conclude, therefore, that the fees fixed by Congress control in naturalization proceedings to the exclusion of state legislation upon that subject. The judgment of the lower court must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, RUDKIN, DUNBAR, and ROOT, JJ., concur.